IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                               Case Nos.:   5:16cv234/MW/GRJ
                                               5:12cr09/MW/GRJ

ANGEL DONE

---

## <u>REPORT AND RECOMMENDATION</u>

This matter is before the Court upon Petitioner's Amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" with memorandum in support (ECF No. 524), the Government's Response (ECF No. 531); and Petitioner's Reply (ECF No. 534). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and FED. R. CIV. P. 72(b). After a review of the record and the arguments presented, the Court concludes that Petitioner has not raised any issue requiring an evidentiary hearing and that the § 2255 Motion should be denied. *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## I.  BACKGROUND

On April 19, 2012, a grand jury returned a fifty-four-count indictment charging Petitioner and six co-defendants with crimes based on their participation in a scheme designed to obtain fraudulent tax refunds from the Internal Revenue Service (IRS). (ECF Nos. 1 & 2.) Petitioner's co-defendants were Evelyn Johnston, Blaine Johnston, Hector A. Cabrera, Diana M. Gonzalez, Wilson Calle, and Wilfredo Rodriguez. *Id.*

The tax fraud scheme was premised on what is known as "redemption theory," which provides that "individuals are not responsible for their common personal debt obligations such as home mortgages, loans, credit card bills, and lines of credit, and may instead seek money from the IRS . . . to repay [or redeem] these outstanding obligations." (ECF No. 500 at 3.)[1]  Promoters of the scheme advised taxpayers that, by filing an IRS Form 1099-OID (Original Issue Discount), they could make a claim with the U.S. Treasury Department (Treasury) for satisfaction of personal debt.

---

[1] A more detailed recitation of the facts of this case and the 1099-OID scheme can be found in the Eleventh Circuit's opinion affirming Petitioner's conviction and the Pre-Sentence Investigation Report "PSR." *See* ECF No. 500; ECF No. 325.

Case Nos.: 5:12cr09/MW/GRJ-1; 5:16cv234/MW/GRJ

The 1099-OIDs in this case contained creditor-specific information such as the institution's federal taxpayer identification number and actual business address, which made it appear that the financial institution submitted the document. The 1099-OIDs reported a taxpayer's personal debt obligation as income and a similar amount was withheld. Once the 1099-OID was in the hands of the IRS, the personal tax return reporting the same income and corresponding withholding figure was submitted.

Petitioner, along with co-defendants Cabrera, Gonzalez, and Calle, was responsible for recruiting individuals who were interested in participating in the scheme. Co-defendants Evelyn and Blaine Johnston, who owned and operated ABACO Executive Services (ABACO), a tax-preparation entity, filed and/or prepared all the fraudulent tax returns included in this conspiracy. Co-defendant Rodriguez filed his own fraudulent tax return, which was prepared by ABACO, utilizing this same scheme.

As the 1099-OID scheme grew, operations developed in the states of Florida and New York. Petitioner, who resided in New York and was a long-time acquaintance of co-defendant Calle, opened up his home for 1099-

OID scheme seminars, spoke or taught at seminars promoting the scheme, and recruited individuals from New York and New Jersey. Petitioner filed a fraudulent individual tax return and 1099-OID for the year 2008. Petitioner was later provided formal notice (referred to as a "3175 letter") from the IRS that his use of the 1099-OID and claim for refund was unlawful. Sixty-three total fraudulent returns were filed in conjunction with this scheme.

The Indictment charged Petitioner in Count One with Conspiracy to Defraud the Government With Respect to Claims, in violation of 18 U.S.C. §§ 286 and 287, and in Counts Forty-Four through Fifty-Three with Filing False Claims, Aiding and Abetting, in violation of 18 U.S.C. §§ 287 and 2. (ECF No. 326 at 1.) Attorney Walter B. Smith was appointed to represent Petitioner. (ECF No. 127.) Petitioner, along with co-defendants Blaine Johnston, Rodriguez, Gonzalez, and Calle proceeded to trial before the Honorable J. Richard Smoak, Jr.[2]

At trial, the defendants collectively asserted a good-faith defense and proclaimed ignorance that their submission of the 1099-OID form in this manner was illegal. According to the defense, the 1099-OID process

[2] Evelyn Johnston was deceased at the time of trial. The case against her was dismissed on April 26, 2012.

Case Nos.: 5:12cr09/MW/GRJ-1; 5:16cv234/MW/GRJ

appeared legitimate based upon the willingness of co-defendant Evelyn

Johnston, as an IRS enrolled agent, to submit these filings through

ABACO, and due to the circumstances surrounding the live seminars that

lent the pitch an aura of credibility. Specifically, the defendants pointed to

the fact that the seminars were held at reputable facilities and locations,

were well-attended, and offered high-caliber, educated speakers.

On the fourth day of the trial, a Thursday, Gonzalez tendered a guilty

plea to Count One of the Indictment. Without consulting with counsel, the

trial judge announced to the jury:

> You all have been locked away. I apologize for the delay but we had
> to first deal with another matter, and one of those other matters is
> that defendant Diana M. Gonzalez, pursuant to an agreement with
> the Government, pled guilty to Count One, and she is no longer on
> trial.

(ECF No. 434 at 5.) Counsel voiced no contemporaneous objection, nor did

counsel request contemporaneously that a limiting instruction be given. The

following Monday, on the sixth day of trial, defense counsel jointly moved

for a mistrial based upon the district judge's decision to explain Gonzalez's

absence to the jury by advising that she pled guilty to the conspiracy count.

The district judge said he recalled no objection being raised at the time of its announcement to the jury on the fourth day.

In response, Petitioner's counsel advised the district judge that counsel had decided among themselves not to say anything to the jury explaining the absence of Gonzalez. Petitioner's counsel further stated, "Now, the reason I didn't object when—when you informed the jury, I didn't want to highlight it anymore, and I didn't know what the law was, and I didn't want to object and–and raise–focus more attention on it if it was not error, reversible error." (ECF No. 446 at 4.)

The court denied the defense motion as untimely, but directed defense counsel to propose a curative instruction. The court advised counsel that, if requested, the curative instruction could be given twice – once during trial as soon as an instruction could be prepared and approved and again during the final jury charge. Defense counsel chose to have the court read the curative instruction only during the final instructions.

At the close of the Government's case-in-chief, the defendants moved for judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The motions were denied at that time and again upon

renewal at the conclusion of all evidence. During closing argument,

Petitioner's counsel reminded the jury that the guilty plea of Gonzalez was

not to be considered as evidence against Petitioner. (Doc. 452 at 69.) In its

final instructions to the jury, the district judge reminded the jury twice that

their decision "must be based only on the evidence presented during the

trial." (Doc. 453 at 10, 11.) The court also instructed the jurors that they

must follow all the court's instructions and not disregard any. *Id.*

> The district judge instructed the jury as follows:

> . . . I told you last week that Diana Gonzalez is no longer a
> participant in the trial because she had pled guilty to a charge. I also
> instruct you that you must completely disregard what I said at that
> time about Diana Gonzalez, and you must not consider what I said
> about Diana Gonzalez's plea for any reason in reaching your verdict
> for any of the other defendants. Now, the fact that a codefendant
> has pled guilty cannot be considered as evidence of the guilt of any
> remaining defendant.

*Id.* at 12. The jury convicted all the defendants as charged, except for

Rodriguez, who was convicted of the only substantive offense with which

he was charged and was acquitted on the conspiracy offense charged in

Count One.

On February 6, 2014, Judge Smoak sentenced Petitioner to seventy-

eight months of imprisonment as to Count One and sixty months as to each

Case Nos.: 5:12cr09/MW/GRJ-1; 5:16cv234/MW/GRJ

of Counts Forty-Four through Fifty-Three, all counts to run concurrently;

three years of supervised release as to each of Counts One and Forty-Four

through Fifty-Three, all counts to run concurrently; a $1,100 total Special

Monetary Assessment, and $245,747.32 in restitution. (ECF No. 438.)

On appeal, the Eleventh Circuit Court of Appeals held that the trial

court committed error when he instructed the jury that Gonzalez entered a

guilty plea to the conspiracy offense charged in Count One. However, the

Eleventh Circuit held that the error was harmless in light of the curative

instruction and the nature of the government's evidence.[3]  Although the

Court of Appeals affirmed the convictions and sentences, the Honorable

Richard Vorhees, United States District Judge for the Western District of

North Carolina, sitting by designation, dissented on the grounds that the

district judge's revelation to the jury that Gonzalez pleaded guilty resulted in

incurable and harmful error because it destroyed the remaining defendants'

unified good-faith defense and implicated their guilt.

---

[3] The Eleventh Circuit further found that Rodriguez's Rule 29 motion was properly
denied because the jury's verdict was supported by the evidence, that Calle's
sufficiency of the evidence challenge to two of his § 287 convictions was properly
denied, and that Blaine Johnston, Calle, and Petitioner's seventy-eight-month
sentences were properly calculated.

Case Nos.: 5:12cr09/MW/GRJ-1; 5:16cv234/MW/GRJ

On September 12, 2016, Petitioner filed the instant Amended § 2255

Motion asserting the following ground for relief:

1) Petitioner's counsel rendered ineffective assistance for failing to timely object or request a continuance after the trial court revealed to the jury that Diana Gonzalez pleaded guilty to the conspiracy charge.

(ECF No. 524.) The Government filed a Response (ECF No. 531), and

Petitioner filed a Reply. (ECF No. 534.)

## II.   DISCUSSION

### A. General Legal Standard

Collateral review is not a substitute for direct appeal, and therefore

the grounds for collateral attack on final judgments pursuant to Section

2255 are extremely limited. A prisoner is entitled to relief under Section

2255 if the court imposed a sentence that: (1) violated the Constitution or

laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the

maximum authorized by law, or (4) is otherwise subject to collateral attack.

*See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8

(11th Cir. 2011). "Relief under 28 U.S.C. § 2255 'is reserved for

transgressions of constitutional rights and for that narrow compass of other

injury that could not have been raised in direct appeal and would, if

Case Nos.: 5:12cr09/MW/GRJ-1; 5:16cv234/MW/GRJ

condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a Section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir. 1994). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under Section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or

couched in different language . . . or vary in immaterial respects").

Because a motion to vacate under Section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a Section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S. 614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011). An issue is "'available' on direct appeal when its merits can be reviewed without further factual development." *Lynn*, 365 F.3d at 1232 n.14 (quoting *Mills*, 36 F.3d at 1055). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a Section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235.

A meritorious claim of ineffective assistance of counsel can constitute cause. *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503 (2003); *see also United States v. Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d 1249, 1257 n.5 (11th Cir. 2016). In order to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529 U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th Cir. 2013). In applying *Strickland*, a court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs. *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013); *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("[T]he court need not address the performance prong if the

defendant cannot meet the prejudice prong, or vice versa.").

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Strickland*, 466 U.S. at 688; *see also Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007). Reviewing courts are to examine counsel's performance in a highly deferential manner and "must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Hammond v. Hall*, 586 F.3d 1289, 1324 (11th Cir. 2009) (quoting *Strickland*, 466 U.S. at 689); *see also Chandler v. United States*, 218 F.3d 1305, 1315–16 (11th Cir. 2000) (discussing presumption of reasonableness of counsel's conduct); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation"). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*, 466 U.S. at 689. To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United*

*States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citations omitted); *Chandler*,

218 F.3d at 1315. "[T]he fact that a particular defense ultimately proved to

be unsuccessful [does not] demonstrate ineffectiveness." *Chandler*, 218

F.3d at 1314. When reviewing the performance of an experienced trial

counsel, the presumption that counsel's conduct was reasonable is even

stronger, because "[e]xperience is due some respect." *Chandler*, 218 F.3d

at 1316 n.18.

       With regard to the prejudice requirement, a defendant must establish

that, but for counsel's deficient performance, the outcome of the

proceeding would have been different. *Strickland*, 466 U.S. at 694. "The

likelihood of a different result must be substantial, not just conceivable."

*Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*, 466 U.S.

at 693). For a court to focus merely on "outcome determination," however,

is insufficient; "[t]o set aside a conviction or sentence solely because the

outcome would have been different but for counsel's error may grant the

defendant a windfall to which the law does not entitle him." *Lockhart v.*

*Fretwell*, 506 U.S. 364, 369–70 (1993); *Allen v. Sec'y, Fla. Dep't of Corr.*,

611 F.3d 740, 754 (11th Cir. 2010). A defendant therefore must establish

Case Nos.: 5:12cr09/MW/GRJ-1; 5:16cv234/MW/GRJ

"that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).

To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir. 2012) (*citing Yeck v. Goodwin*, 985 F.2d 538, 542 (11th Cir. 1993)); *Wilson v. United States*, 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (*citing Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313. This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether

some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)). The Sixth Circuit has framed the question as not whether counsel was inadequate, but rather whether counsel's performance was so manifestly ineffective that "defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992). Regardless of how the standard is framed, under the prevailing case law it is abundantly clear that a moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance. A defendant's belief that a certain course of action that counsel failed to take might have helped his case does not direct a finding that counsel was *constitutionally ineffective* under the standards set forth above.

An evidentiary hearing is unnecessary when "the motion and files and

records conclusively show that the prisoner is entitled to no relief." *See* 28

U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518

F.3d 1291, 1301 (11th Cir. 2008). Not every claim of ineffective assistance

of counsel warrants an evidentiary hearing. *Gordon*, 518 F.3d at 1301

(citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be

entitled to a hearing, a defendant must allege facts that, if true, would prove

he is entitled to relief. *See Hernandez v. United States*, 778 F.3d 1230,

1234 (11th Cir. 2015). A hearing is not required on frivolous claims,

conclusory allegations unsupported by specifics, or contentions that are

wholly unsupported by the record. *See Winthrop–Redin v. United States*,

767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need

not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon

unsupported generalizations") (internal quotation marks omitted); *Peoples*

*v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004). Even affidavits that

amount to nothing more than conclusory allegations do not warrant a

hearing. *Lynn*, 365 F.3d at 1239. Finally, disputes involving purely legal

issues can be resolved by the court without a hearing.

### B. Analysis

Petitioner fails to demonstrate his counsel rendered ineffective assistance under the standard set forth in *Strickland*.

Petitioner asserts his counsel was ineffective for failing to timely object or request a continuance when the district court revealed to the jury that co-defendant Gonzalez pleaded guilty to the conspiracy charge. Specifically, Petitioner argues he was prejudiced by counsel's oversight because when counsel did not object, the prosecution proceeded to "frame[] their questions to elicit answers affiliating each defendant, including [Petitioner], with Diana Gonzalez." *Id.* at 7. Petitioner further argues that counsel's failure to object resulted in prejudice because it "barred Petitioner from having the constitutionally required cross-examination of Gonzalez to show the jury Gonzalez's motives behind the change of plea and establish that there was no agreement to form an illegal enterprise." *Id.* at 5, 8. Finally, Petitioner argues that he suffered actual prejudice because counsel's failure to object "forfeited an opportunity for a review under the 'harmless error' standard and forced a review under the plain error standard of his underlying claim." *Id.* at 9.

Case Nos.: 5:12cr09/MW/GRJ-1; 5:16cv234/MW/GRJ

Counsel is "strongly presumed" to make decisions in the exercise of professional judgment. *Strickland*, 466 U.S. at 690. Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffective assistance of counsel grounds unless it is shown that no reasonable lawyer, in the circumstances, would have done so and this burden is a heavy one. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994). Thus, counsel's performance is not viewed in the abstract, but rather the impact of counsel's performance upon "what, after all, is [the accused's], not counsel's trial." *McKaskle v. Wiggins*, 465 U.S. 168, 174 (1984).

Because this standard is objective, it matters not whether the challenged actions of counsel were the product of a deliberate strategy or mere oversight. *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008) (citation omitted). The relevant question is not what actually motivated counsel, but what reasonably could have motivated counsel. *Id.*, citing *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) ("The relevant question is not whether counsel's choices were strategic, but whether they were reasonable."); *Darden v. Wainwright*, 477 U.S. 168, 186 (1986)

(rejecting a claim of ineffective assistance because "there are several reasons why counsel reasonably could have chosen to rely on a simple plea for mercy from petitioner himself"). When we can conceive of a reasonable motivation for counsel's actions, we will deny a claim of ineffective assistance without an evidentiary hearing. *Gordon,* 518 F.3d at 1302.

Here, the Court can conceive of several reasons why counsel reasonably could have chosen not to object immediately to the trial court's statement regarding Gonzalez's guilty plea. Counsel could have been worried, for example, that contemporaneously objecting to the statement would have brought further attention to Gonzalez's guilty plea and its implications regarding Petitioner's guilt. Further, counsel could have reasonably sought additional time over the weekend to research the issue before proceeding with an objection.[4]  And, finally, counsel could have reasonably determined that a curative instruction at a later time would have sufficed to cure any prejudice resulting from the court's revelation. Because reasonable grounds exist on which Petitioner's counsel could have based

---

[4] Counsel explained to the trial court that these were, in fact, the reasons for his belated objection.

Case Nos.: 5:12cr09/MW/GRJ-1; 5:16cv234/MW/GRJ

his failure to object, Petitioner cannot establish that no reasonable lawyer, in the circumstances, would have done what counsel did.

Moreover, even assuming for the sake of argument that counsel's performance was deficient, Petitioner cannot demonstrate he suffered undue prejudice. To demonstrate prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

In light of the circumstances of this case—the strength of the evidence against Petitioner, the cautionary instruction directing the jury not to consider Gonzalez's guilty plea as evidence of guilt, the aptitude of the jury, and the lack of evidence that the jury treated the Gonzalez guilty plea as substantive evidence of guilt—Petitioner cannot demonstrate that he was prejudiced by counsel's failure to timely object to the court's error.

Petitioner's remaining grounds for prejudice are without merit. The Eleventh Circuit found, and this Court agrees, that "[a]side from the trial judge's pronouncement, [the defendants] faile[d] to identify any reference to

the Gonzalez plea during the remainder of the trial and likewise do not suggest that the prosecution took advantage of the trial court's disclosure." (ECF No. 500 at 16.)

Further, a timely objection by Petitioner's counsel would not have subjected Gonzalez to cross-examination as to her motive for pleading guilty.

Finally, although Petitioner argues that counsel's failure to timely object forced appellate review under the plain error standard, the district court's decision not to grant a mistrial was reviewed for abuse of discretion and the review of the challenge to the district judge's instructions to the jury was rejected because the Eleventh Circuit concluded that Petitioner's substantial rights were not affected and therefore the error was harmless. Notably, the Eleventh Circuit found that "[g]iven the nonsensical fallacy that fueled the 1099-OID scheme, and the intricate lengths to which the Appellants went to promote it and follow through with the execution of sequential filings with the IRS, we are confident in our view that disclosure of the Gonzalez plea held no sway with the jury in reaching its verdict. ECF No. 500, p. 19. In short, whether the plain error standard or any other

standard was applied the Eleventh Circuit would have concluded that
Petitioner was not prejudiced by the District Judge's advice to the jury that
a co-defendant had pled guilty during trial. This would have been the result
whether counsel objected to the instruction at that time or not.

Because Petitioner has failed to meet his burden under *Strickland*, his
Motion is due to be denied.

### C. Evidentiary Hearing

To warrant an evidentiary hearing, a defendant must allege facts that,
if true, would prove she is entitled to relief. Petitioner has failed to do so
here. Accordingly, her request for an evidentiary hearing is denied.

## III. CONCLUSION

For all of the foregoing reasons, the Court concludes that Petitioner
has not shown that she is entitled to § 2255 relief. Nor has she shown that
an evidentiary hearing is warranted. Therefore, Petitioner's Motion should
be denied.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides
that "[t]he district court must issue or deny a certificate of appealability when

it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.      The Amended "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 524) should be **DENIED**.

2.      A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 16th day of April, 2018.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**


Case Nos.: 5:12cr09/MW/GRJ-1; 5:16cv234/MW/GRJ